# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KAREEM SMITH,

        Petitioner,

    v.

LAWRENCE P. MAHALLY, *et al.*,

        Respondents.

No. 4:19-CV-00419

(Judge Brann)

## MEMORANDUM OPINION

### OCTOBER 15, 2020

Presently before the Court is the petition for a writ of habeas corpus of Petitioner Kareem Smith filed pursuant to 28 U.S.C. § 2254 in which he seeks to challenge a decision by the Pennsylvania Board of Probation and Parole (the "Board") to recommit him as a convicted parole violator.[1]  Following an order to show cause, the Government filed a response to the Petition, and Petitioner has filed a reply.[2]  For the reasons set forth below, this Court will dismiss the petition as unexhausted.

## I.   BACKGROUND

Petitioner is presently incarcerated at the State Correctional Institution at Dallas in Dallas, Pennsylvania.[3]  While on parole, Petitioner was convicted of the

---

[1]  Doc. 1.
[2]  Docs. 6 (response), 7 (reply), 8 (brief in support of reply).
[3]  Doc. 1 at 1.

illegal possession of firearms.[4]  Following this conviction, the Board decided to recommit Petitioner as a convicted parole violator.  The Board rendered their decision on October 15, 2015, although it was not mailed to Petitioner until October 28, 2015.[5]  The Notice of Board Decision explains that,

> This decision involves an issue that is subject to the Board's administrative remedies process, see 37 Pa. Code. Sec. 73.  Failure to administratively appeal the decision may affect your legal rights.  If you wish to appeal this decision, you must file a request for administrative relief with the Board within thirty (30) days of the mailing date of this decision.  This request shall set forth specifically the factual and legal bases for the allegations.  You have the right to an attorney in this appeal and in any subsequent appeal to the Commonwealth Court.  You may be entitled to counsel from the Public Defendant's office at no cost.  Enclosed with this Board decision is an administrative remedies form and the names and addresses of all the chief public defenders in the Commonwealth.  Any request for a public defender should be sent directly to the Public Defendant's Office in the county where you currently reside.[6]

Petitioner alleges that he sent in an administrative remedies form on October 29, 2015.[7]  Petitioner does not have proof of mailing this form, and the Board did not receive it.[8]  Petitioner further alleges that because he did not receive a response from the Board from his first administrative remedies form, he sent a second administrative remedies form on November 23, 2015, which was not received by the Board until December 3, 2015.[9]

---

[4]  Doc. 6.
[5]  *See* Doc. 6-1 at 3-5.
[6]  *Id.* at 4.
[7]  *See* Doc. 7 at 3.
[8]  Doc. 6 at 2-3.
[9]  *See* Doc. 7 at 3.

The Board dismissed his administrative appeal as untimely, explaining that:

> The Board regulation governing administrative appeals states that administrative appeals must be received at the Board's Central Office within 30 days of the mailing date of the Board's order.  37 Pa. Code. § 73.1(a).  This means you had until November 30, 2015 to object to this decision.  Because the Board did not receive your current appeal by that date and there is no indication that you submitted the appeal to the prison officials for mailing by that date, your appeal is untimely and the Board cannot accept it.[10]

Despite dismissing the appeal as untimely, the Board also provided Petitioner with a substantive response to his appeal:

> Purely for your information, the decision to recommit you as a convicted parole violator gave the Board statutory authority to recalculate your sentence to reflect that you received no credit for the period you were at liberty on parole.  61 Pa. C.S. § 6138(a)(2).[11]  The Pennsylvania Supreme Court has also upheld this authority.  *Young v. Commonwealth*, 409 A.2d 843 (Pa. 1979).[12]

The notice of the dismissal of Petitioner's administrative appeal was mailed on February 16, 2016.[13]  Petitioner did not appeal the dismissal of his administrative remedy form to the Commonwealth Court of Pennsylvania.

Two years after the Board dismissed his November 23, 2015, administrative appeal, Petitioner filed a petition for writ of mandamus in the Commonwealth Court,

---

[10]  Doc. 6-1 at 12.
[11]  Section 6138(a)(2) provides, in pertinent part:
> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.
[12]  Doc. 6-1 at 12.
[13]  Doc. 6-1 at 12.

requesting that the writ be issued to direct the Board to respond to his first administrative appeal allegedly sent on October 29, 2015.[14]    Petitioner did not address his November 23, 2015 administrative appeal or its dismissal as untimely in his petition for writ of mandamus.   The Commonwealth Court issued an order denying relief, explaining that,

> [I]t now appearing that respondent issued a decision mailed February 16, 2016, responding to petitioner's administrative remedies form postmarked December 1, 2015, any challenge to the revocation of parole, the recalculation of his parole violation maximum date, or the timeliness of his administrative appeal could have been properly brought in this court's appellate jurisdiction. *McMahon v. Pa. Bd. Of Prob. & Parole*, 470 A.2d 1337 (Pa. 1983); *Bronson v. Pa. Bd. Of Prob. & Parole*, 421 A.2d 1021 (Pa. 1980).  This court's original jurisdiction cannot be used to revive lapsed appeal rights. *Lizzi v. Unemployment Comp. Bd. of Review*, 353 A.2d 440 (Pa. 1976).  Accordingly, this matter is dismissed for lack of original jurisdiction.[15]

Petitioner appealed the denial of his petition for writ of mandamus to the Supreme Court of Pennsylvania; it was denied on February 21, 2019.[16]

## II.   DISCUSSION

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is the proper manner for a state prisoner to challenging a parole decision.[17]  Although Petitioner has correctly invoked § 2254 to challenge the Board's decision, his petition is subject to dismissal based on his failure to exhaust state court remedies.

---

[14]   *See* Doc. 6-1 at 14-32.  The petition for writ of mandamus also addresses the merits of Petitioner's administrative appeal.

[15]   Doc. 6-1 at 55.

[16]   *See* Docs. 1-2, 6.

[17]   *See Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001).

A habeas petitioner must exhaust state court remedies before seeking federal habeas relief.[18]  To exhaust state court remedies in Pennsylvania, a claim must be fairly presented to all available levels of Pennsylvania's courts.[19]  To properly exhaust a claim involving a determination by the Board, a petitioner must first seek administrative review with the Board within thirty days of the mailing date of the Board's decision.[20]  Once the Board adjudicates the administrative appeal, the petitioner must then seek review in the Commonwealth Court of Pennsylvania by filing a direct appeal within thirty days of the Board's decision on the administrative appeal.[21]  To finally satisfy the habeas exhaustion requirement, the petitioner must also appeal a denial from the Commonwealth Court to the Supreme Court of Pennsylvania within thirty days from any denial of relief.[22]

Here, Petitioner failed to appeal the Board's dismissal of his administrative appeal to the Commonwealth Court.  The time for doing so expired on or about March 17, 2016, and, consequently, Petitioner is now time-barred under Pennsylvania law from seeking review.  The Commonwealth Court noted this in its denial of Petitioner's petition for writ of mandamus.[23]  Because Petitioner's claim

---

[18]  28 U.S.C. § 2254(b)(1)(A).
[19]  *See Evans v. Court of Common Pleas, Del. Cty.*, 959 F.2d 1227, 1230 (3d Cir. 1992).
[20]  *See* 37 Pa. Code. § 73.1(a).
[21]  *See* 42 Pa. C.S.A. § 763(a); Pa. R.A.P. 903(a) (notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken).
[22]  *See Williams v. Wynder*, 232 F. App'x 177, 180-81 (3d Cir. 2007).
[23]  *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); Doc. 6-1.

can no longer be exhausted in state court due to a state court procedural bar—
timeliness—Petitioner's claim is procedurally defaulted.

Procedurally defaulted claims cannot be reviewed unless the petitioner "can
demonstrate cause for the default and actual prejudice as a result of the alleged
violation of federal law, or demonstrate that failure to consider the claims will result
in a fundamental miscarriage of justice."[24]   In order to demonstrate cause, the
petitioner must show that "some objective factor external to the defense impeded
[the petitioner's] efforts to comply with the state's procedural rule."[25]   Examples of
cause include (1) a showing that the factual or legal basis for a claim was not
reasonably available, (2) a showing that some interference by state officials made
compliance with the state procedural rule impracticable, and (3) attorney error that
constitutes ineffective assistance of counsel.[26]

The fundamental miscarriage of justice exception is limited to cases of "actual
innocence."[27]   The burden remains with the Petitioner to demonstrate cause and
prejudice or actual innocence to overcome a default.[28]

In this matter, Petitioner's arguments in both his petition and reply generally
focus only on the timeliness of his second administrative appeal that he sent on

---

[24]   *Coleman*, 501 U.S. at 750.
[25]   *Id.* at 753.
[26]   *Id.* at 753–54.
[27]   *Schlup v. Delo*, 513 U.S. 298, 321–22 (1995).
[28]   *See Coleman*, 501 U.S. at 750.

November 23, 2015 to the Board.  These arguments fail to address his lack of direct appeal to the Commonwealth Court, which is a required step to exhausting his state remedies.  Petitioner does briefly argue that he exhausted his state remedies because he never received notice of the February 16, 2016 denial of his administrative appeal until his proceedings before the Supreme Court of Pennsylvania.[29]  Such a claim is belied by the record in at least two ways.  First, in his petition for writ of mandamus, Petitioner only sought to have his October 29, 2015 administrative appeal acted upon by the Board but not the November 23, 2015 administrative appeal, indicating that at that time Petitioner knew the November 23, 2015 appeal had been denied.  Second, the Respondent specifically argued and provided as an exhibit in the proceedings before the Commonwealth Court that it issued a dismissal of the November 23, 2015 administrative appeal on February 16, 2016.

The Court finds that Petitioner has failed to demonstrate that he properly exhausted his state remedies, and there is no cause to excuse his failure to do so.  Petitioner presents no evidence that he ever raised the issue of lack of receipt of the February 16, 2016 administrative appeal denial in the state courts.  Petitioner could have immediately raised his lack of receipt of the February 16, 2016 administrative appeal denial with the Commonwealth Court after he received Respondent's briefing and exhibits opposing his petition for writ of mandamus.  Alternatively, he could

---

[29]  *See* Doc. 8.

have sought to file a direct appeal *nunc pro tunc* with the Commonwealth Court after he received the opposition briefing.  There is also no evidence in the record that Petitioner sought to raise this issue in his appeal to the Supreme Court of Pennsylvania.  Plaintiff has thus produced no evidence to demonstrate any cause for his procedural default, nor does he allege his actual innocence.

Although it is Petitioner's burden to carry, the Court notes no circumstance discernable from the record that could be construed as cause to excuse the default.  Accordingly, Petitioner cannot overcome his procedural default and the petition must be dismissed.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[30]  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[31]

---

[30]   28 U.S.C. § 2253(c)(2).
[31]   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has not made a showing substantial enough to warrant the issuance of a certificate of appealability.  Petitioner has failed to exhaust his administrative remedies; he has also failed to attempt to overcome his procedural default.  Thus, no certificate of appealability shall issue.

## IV.   CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus is dismissed for failure to exhaust state court remedies.  An appropriate Order follows.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge